UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

1983 CIVIL RIGHTS COMPLAINT

Scotty Santos Diaz,

    Plaintiff

v.                                        Case No.: 6:16-cv-1950-Orl-18-DCI

Centurion of Florida LLC, Statewide Medical Director, /

Dr. Hernandez Perez, M.D., Medical Director Holmes C.I. /

Ms. B. Bottoms, Health Service Administrator Holmes C.I., /

Ms. Tinsley, Medical Records Department, Holmes C.I./

Ms. Gwen Brock, Assistant Warden Holmes C.I.

_____/

The plaintiff, Scotty Santos Diaz is currently confined at: Central Florida Reception Center, 7000 HC Kelley Road, Orlando, Florida 32831, and will remain as such pending, medical hold.

The plaintiff has exhausted all his administrative remedies pursuant to 42 U.S.C. §1997E(A)

1

## **PRO'SE LITIGANT STATEMENT**

This complaint has been prepared with inmate law clerk assistance due to plaintiff's current medical condition. The plaintiff has lost almost all vision in his right eye and suffers from extreme blurred vision in the other due to primary open angle glaucoma which has hindered his ability to properly litigate.

The plaintiff submits this complaint as a pro'se litigant unskilled in the science of law and wishes his complaint and entreaties to this honorable court to be received as such. The plaintiff moves this court not to let or permit form to override substance or procedural technicalities to defeat fairness and justice in that the court treat this complaint as whatever vehicle needed for the relief that the court deems just and proper. The court stated in **Hall v. Bellman** 935 F.3d 1106, 1110 (10th Cir. 1991)

> "A pro'se litigant's pleadings are to be construed liberally and held to a less stringent standard then formal pleadings drafted by lawyers...If a court can reasonably read the pleadings to state a [valid claim] on which plaintiff's failure to cite a proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." (Citation omitted)  See Also: **Boag v. McDougall** 454 U.S. 363 (1982); **Hains v. Kerner**, 404 U.S. 519 (1972); **Gangloff v. Palmsprings Hospital** 657 F.Supp. 739 (S.D. Fla. 1986).

## PARTIES:

### PLAINTIFF:

Scotty Santos Diaz

Central Florida Reception Center

7000 H.C. Kelley Road

Orlando, Florida 32831-2518

### DEFENDANTS:

(1)   Centurion of Florida LLC / Statewide Medical Director

1203 Governors Square Blvd. (Suite 600)

Tallahassee, Florida 32301

(2)   Gwen Brock / Assistant Warden

Holmes Correctional Institution

3142 Thomas Drive

Bonifay, Florida 32425

(3)   Dr. Hernandez Perez, M.D. / Medical Director

Holmes Correctional Institution

Holmes Correctional Institution

3142 Thomas Drive

Bonifay, Florida 32425

(4)   Ms. B Bottoms / Health Services Administrator

Holmes Correctional Institution

3142 Thomas Drive

Bonifay, Florida 32425

(5)   Ms. Tinsley / Medical Records Department

3

Holmes Correctional Institution

3142 Thomas Drive

Bonifay, Florida 32425

## STATEMENT OF CLAIMS

Each defendant named in the above complaint violated the plaintiff's eighth Amendment Right to receive adequate medical treatment as guaranteed by the United States Constitution.

**MEDICAL NEGLIGENCE:**

The doctor: Medical Director Dr. Hernandez Perez M.D. ; Health Service Administrator: Ms. B. Bottoms and Medical Records: Ms. Tinsley who are members of the medical staff employed by Centurion of Florida LLC. continually obstructed and excessively delayed medical treatment for a serious medical condition, "Primary open-angle glaucoma" which had been previously diagnosed by a board certified glaucoma specialist, Dr. Ben Hasty, M.D. of Advanced EyeCare of Bay County.

## **DELIBERATE INDIFFERENCE:**

The plaintiff was never seen by a qualified glaucoma specialist at Holmes Correctional Institution, nor any other staff employed by the medical contractor who qualified as such. The rendering of medical services by clearly unqualified personnel is deliberate indifference.

The unwarranted and excessive delay in treating the plaintiff's serious medical condition which was caused by the defendants named in this complaint has resulted in irreversible damage to the plaintiff.

## **STATEMENT OF FACTS**

While the plaintiff, Scotty S. Diaz was assigned as a permanent inmate at Graceville Correctional Facility, he was seen by Mr. Tugwell, the optometrist for that facility's contracted care providers. The plaintiff was referred to Mr. Tugwell by Dr. W. Rummel M.D. who was the plaintiff's primary care physician.

On or about February 29, 2016, the plaintiff was transported to Advanced EyeCare of Bay County per referral for the purpose of glaucoma evaluation. The doctor who performed the evaluation was Ben Hasty M.D., a board certified glaucoma specialist.

After the evaluation was complete, it was determined that the plaintiff suffered from "<u>Primary open-angle glaucoma</u>," test and interpretations indicating abnormal or severe damage. Dr. Hasty ordered that the plaintiff continue to use prescribed glaucoma medications to attempt to lower the pressure and scheduled the plaintiff for follow-up to determine and monitor for progression of functional loss of vision from glaucoma.

On or about March 18, 2016 the plaintiff was transported back to Advanced EyeCare for the purpose of selective laser trabeculoplasty. At the end of the procedure, Dr. Hasty explained to the plaintiff that the possibility of surgery may be needed to prevent any further damage. Dr. Hasty ordered that the plaintiff / patient be returned to his office in three to four weeks, and that if the patient should notice [any] significant pain, decreased vision, or any other complications that he should be contacted immediately.

On or about April 15, 1016, the plaintiff was transferred from Graceville C.F. to Holmes C.I. due to institutions need for a certified Law Clerk. However, the plaintiff was still being treated for his medical condition from Graceville C.F. and most importantly, Dr. Ben Hasty M.D. of Advanced EyeCare. [A glaucoma specialist].

On or about April 18, 2016 the plaintiff arrived at Holmes C.I. and during his initial medical intake interview the plaintiff explained to the nurse that he was being treated for primary open angle glaucoma by Dr. Ben Hasty of Advanced EyeCare of Bay county. The nurse's response was "now you're being treated by Holmes C.I. medical department and Dr. Hasty is not an approved provider." The plaintiff's reply was that in any case, he needed to be seen by a glaucoma specialist for follow up treatment as per the orders written by Dr. Ben Hasty.

On May 5, 2016, Dr. Ben Hasty sent an e-mail to the medical staff inquiring about the plaintiff not showing up for his scheduled follow-up treatment. Over sixty (60) days later, on July 11, 2016, Ms. Tinsley from medical records contacted Advanced EyeCare and advised them they are not one of their approved providers and at the same time, falsely advised Dr. Ben Hasty's office that the plaintiff / patient had received his follow-up treatment.

The plaintiff was seen several days later by Ms. Weeks the classification specialist at Holmes C.I. who is in charge of job assignments. During the interview, the plaintiff tried to plead his situation in regards to his medical condition and need for treatment all to no avail.

As soon as the plaintiff began to experience pain, blurred vision, migraine headaches, extreme sensitivity to sunlight ect., he began to write grievances to everyone at the institution level as well as the Secretary of D.O.C.. The plaintiff filed multiple grievances to the Health Service Administrator Ms. B. Bottoms all to no avail. The plaintiff filed multiple grievances to Assistant Warden Ms. Gwen Brock again to no avail. The plaintiff even filed grievances to the Secretary of The Department of Corrections pleading for help, all to no avail. The plaintiff filed over a dozen informal and formal grievances at the institutional level and multiple grievances to the Secretary between April 19, 2016 and September 16, 2016 and all efforts were to no avail. Every grievance was denied with the most common response being that the plaintiff is being treated as clinically indicated from the medical department.

On or about August 4, 2016, the plaintiff submitted a request for medical records pursuant to pre-suit investigation of medical indifference and negligence claims. Two weeks later, on or about September 13, 2016, the plaintiff filed a grievance along with his canteen receipt to verify funds available and advising the medical records department at Holmes C.I. that they are in non-compliance for not allowing him to have portions of his medical records needed for pre-suit investigation of medical indifference and negligence claims.

Six days later, on September 19, 2016 the plaintiff was transferred to Lake Butler's West Unit to await transfer to Central Florida Reception Center. On September 21, 2016 the plaintiff woke up early in the morning and was no longer able to see out of his right eye. The plaintiff declared a medical emergency and when seen by the nurse at the West Unit's Medical Department, he was given a small bottle of liquid tears and that was it.

On or about the 22nd day of September 2016, the plaintiff arrived a Central Florida Reception Center and for the first time since March 18, 2016, was seen by another glaucoma specialist, approximately seven months after Dr. Ben Hasty M.D. of Advanced EyeCare had ordered that the plaintiff / patient be seen in three (3) to four (4) weeks for follow-up treatment.

The plaintiff was able to see fine out of both of his eyes when he arrived at Holmes C.I. on April 18, 2016 and now due to the unwarranted and excessive delay in treating the plaintiff's serious medical condition, he has lost almost total vision in his right eye and is experiencing rapid loss of vision in his left eye. The damage caused by the defendants in this complaint is irreversible. The plaintiff will never regain the vision in his right eye and has yet to be treated for the possibility of preserving some sight in his left eye.

## **RELIEF REQUESTED**

1.) Order that the Florida Department of Corrections and / or Centurion of Florida treat the plaintiff's medical condition adequately without further delay.

2.) Order that each defendant who was a participant in the negligence or contributed to the negligence which caused the plaintiff's loss of vision pay an amount of ($50,000.00) Fifty Thousand dollars for the irreversible damage caused by their negligence.

3.) The plaintiff also requests that this Honorable Court order that the defendants as a whole pay an additional ($100,000.00) One Hundred Thousand dollars for loss of wages due to the plaintiff's inability to continue working in the plumbing trade due to the extent of the damages caused by the defendants.

I declare under penalties of perjury that the foregoing is true and correct.

Respectfully Submitted,

/s/ *Scotty Diaz*

Scotty Santos Diaz, DC# 670614

Plaintiff Pro'se

## **CERTIFICATE OF SERVICE**

I certify under penalties of perjury that this complaint along with copies for each named defendant were delivered to prison officials for mailing via United States mail to the Clerk of the United States District Court, Middle District of Florida whose address is: 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801-0120 on this the __4__ day of __NOVEMBER__, 2016.

/s/ _Scotty Diaz_

Scotty Santos Diaz DC# 670614

Plaintiff Pro'se

7000 H.C. Kelley Road

Orlando, Florida 32831-2518